1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AARON PARNELL STONE,                    No.  2:14-cv-2409 KJM AC P

12                 Petitioner,

13        v.                                 ORDER &

14   KIMBERLY HOLLAND, Warden,               FINDINGS AND RECOMMENDATIONS

15                 Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the October 20, 2014 order at ECF No. 4,

19   petitioner has submitted a completed application in support of a request to proceed in forma

20   pauperis.  ECF No. 7.

21        Examination of the in forma pauperis application reveals that petitioner is unable to afford

22   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

23   28 U.S.C. § 1915(a).

24        Petitioner challenges the sixteen-year sentence he received on December 15, 2006 in

25   Sacramento County Superior Court.  Court records, of which this court takes judicial notice,[1]

26   reveal that petitioner has repeatedly challenged the same conviction/sentence.

27   ─────────────────────

28   [1]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
     635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1

1    Petitioner's original habeas petition, challenging his 2006 conviction on six counts of

2    lewd and lascivious conduct with a child under 14, was considered in Case No. 2:10-cv-3454

3    KJM GGH P and denied as untimely on March 26, 2012.  A subsequent challenge to the identical

4    conviction and sentence was dismissed without prejudice by order filed on October 17, 2012,

5    because petitioner had not moved in the Ninth Circuit Court of Appeals for an order authorizing a

6    second or successive petition under 28 U.S.C. § 2244(b)(3).  See Case No. 2:12-2174 GEB GGH

7    P.  Yet another habeas application challenging petitioner's 2006 conviction and sentence was

8    dismissed on June 26, 2013 for lack of authorization by the Court of Appeals under 28 U.S.C. §

9    2244(b)(3).  See Case No. 2:13-cv-0518 KJM GGH P.  Petitioner appears to have also

10   unsuccessfully attempted an end-run around the applicable statute by way of a purported Rule

11   60(b) motion, in a case that was dismissed on February 14, 2013.  See Case No. 2:12-cv-2986 AC

12   P.  Yet another case attempted to circumvent the bar on second or successive petitions by

13   characterizing the challenge as one brought pursuant to 28 U.S.C. § 2241.  See Case No. 2:14-cv-

14   1164 WBS DAD P.[2]

15      Here, petitioner's effort to characterize the petition as one brought pursuant to 28 U.S.C. §

16   2241 (see ECF No. 1 at 1; ECF No. 6) is equally unavailing.  The Ninth Circuit has unequivocally

17   held that "a state habeas petitioner may not avoid the limitations imposed on successive petitions

18   by styling his petition as one pursuant to 28 U.S.C. §2241 rather than pursuant to 28 U.S.C.

19   §2254."  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (citing Greenawalt v. Stewart, 105

20   F.3d 1287, 1287-88 (9th Cir. 1997) (per curiam)).  Despite the form petitioner has used, § 2254

21   "is the exclusive avenue for a state court prisoner to challenge the constitutionality of his

22   detention."  White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004).

23      Under 28 U.S.C. § 2244(b)(3)(A): "Before a second or successive application permitted

24   by this section is filed in the district court, the applicant shall move in the appropriate court of

25   appeals for an order authorizing the district court to consider the application."  Once again,

26   petitioner has sought to proceed on a habeas petition absent the proper authorization.  This

27

28   [2] In that case, findings and recommendations recommending dismissal, filed on October 2, 2014, are pending.  See Case No. 2:14-cv-1164, ECF No.17.

2

1    petition should be dismissed without prejudice.

2         Accordingly, IT IS ORDERED that petitioner's request to proceed in forma pauperis is

3    granted.

4         IT IS RECOMMENDED that this petition be dismissed without prejudice.

5         These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

7    after being served with these findings and recommendations, petitioner may file written

8    objections with the court.  Such a document should be captioned "Objections to Magistrate

9    Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

10   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

11   Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   DATED: November 3, 2014

13                                                    _____

14                                                    ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28